1

2

3

4
UNITED STATES DISTRICT COURT

5
NORTHERN DISTRICT OF CALIFORNIA

6

7
CHARLES B. JONES,

Case No.  16-cv-01468-SI

Plaintiff,

8

v.
**ORDER OF DISMISSAL**

9

P. W., et al.,
Re: Dkt. No. 1

10

Defendants.

11

12

13
Charles B. Jones, an inmate at Kern Valley State Prison has filed this civil rights action

14
under 42 U.S.C. § 1983 to complain about the refusal of two clerks at the Alameda County

15
Superior Court to file several documents he submitted for filing.  His complaint is now before the

16
court for review pursuant to 28 U.S.C. § 1915A.

17

18
**BACKGROUND**

19
The complaint alleges the following:

20
On three different occasions, Jones tried to file three "civil petitions" in the Alameda

21
County Superior Court.  Docket No. 1 at 8.  Jones identifies these "civil petitions" as a

22
"[p]reliminary notice & demand offer to compromise;" a "notice of application to be released from

23
liability on a surety bond;" and a "request, or transfer (or) extension of superior court records."  *Id.*

24
at 10-11, 21.

25
The first rejection occurred after Jones mailed his three petitions on or about January 16,

26
2015 to the civil division of the superior court.  *Id.* at 9.  On January 30, 2015, the petitions were

27
returned to him by deputy clerk P.W., with a form letter stating the following as the reason for

28
rejection:  "All attached motions are dismissed for fail[u]re to state a legally cognizable claim."

United States District Court
Northern District of California

*Id.*; Docket No. 1-1 at 15.  Jones' petitions were not assigned case numbers nor presented to a judicial officer.  Docket No. 1 at 10.  He believes it wrongful that "a non-licensed court clerk acting as a state bar licensed judicial officer of the court" ruled on his petitions.  Docket No. 1 at 9.

The next rejection occurred after February 23, 2015, when Jones mailed "duplicate cop[ies]" of his petitions to the superior court.  *Id.* at 10.  This time, the civil cover sheet he prepared was removed, and his criminal case number was written on the petitions, which were then processed by the criminal division of the superior court.  *Id.*  The petitions went to a judge who denied them in two brief orders.  Jones' "'application for release from liability on a surety bond pursuant to Code of Civil Procedure, § 996.110-150; and Civil Code sec. § 2794(3); Pen. Code Sec. §§ 4410'" was denied "as nonsensical."  Docket No. 1-1 at 19.  Jones' "'preliminary notice and demands pursuant to Civil Code sections §§ 1782(a) and PC § 14150'" also were denied "as nonsensical."  Docket No. 1-1 at 20.  The judge further wrote that Jones could not file a civil action against the Alameda County Superior Court under his criminal docket number and would have to mail any civil complaint or petition to the civil division.  Docket No. 1-1 at 19-20.

Jones' third attempt to file his petitions occurred on or about June 8, 2015, when he sent his petitions to the Alameda County Superior Court again.  Docket No. 1 at 10-11.  On or about June 16, 2015, Alameda County Superior Court deputy clerk Melanie Williams rejected the petitions using a form rejection letter with this statement on it: "Please submit a civil complaint or petition so we may open up a new case.  You may then proceed with the filing of documents for your case."  Docket No. 1-1 at 17; *see also* Docket No. 1 at 11.  Jones believes this was wrongful because the clerk "would have had to read & screen the self drafted pleadings with the legal knowledge & comprehension of a licensed certified lawyer who can make a determination" about the code sections cited in his petitions.  Docket No. 1 at 11.

Dissatisfied with the results in superior court, Jones then filed a petition for writ of mandate in the California Court of Appeal and a petition for review in the California Supreme Court to complain about the allegedly improper action by the superior court clerks.  Docket No. 1 at 8.  His petition for writ of mandate was summarily denied by the California Court of Appeal. *See* Docket No. 1-2 at 21.  His petition for review was returned unfiled by the California Supreme

1  Court because he had missed the jurisdictional deadline for seeking review of the California Court

2  of Appeal's decision.  *See* Docket No. 1-2 at 22.

3      Having been rejected by three California courts, Jones now turns to the federal court.

4  Here, he contends that the superior court clerks violated his First Amendment and Fourteenth

5  Amendment right of access to the courts.

6      His complaint discusses at length the claims that he wanted to pursue in the state court.

7  Jones stirs together concepts from a variety of legal fields – including secured transactions, surety

8  law, criminal law, civil judgments, contracts, habeas and California Penal Code provisions

9  mentioning a County Jail Capital Expenditure bond measure – to create his theory of relief.  In a

10  nutshell, his theory is that persons convicted of crimes "automatically incur[] a liability to pay a

11  debt of imprisonment to society," and "California is selling that debt of imprisonment for

12  cash/credi[t], secondary paper, promissory notes to bankers/investors/credit collectors for advance

13  pay."  Docket No. 1-1 at 3.  This supports relief for him, he asserts, because  California has

14  "materially altered" prisoners' obligations to pay their debt to society by changing those

15  obligations to "obligations to be detained as sureties (collateral) to back the bonds that were

16  loaned/sold to third parties."  *Id.* at 5; *see also* Docket No. 1 at 20 (his claim "provides a remedy to

17  be released legally from the liability of an (obligation of confinement) as a surety used as

18  collateral to back a (surety bond) that was sold to third parties, i.e., 'bankers/investors/credit

19  collectors' for secondary paper, promissory notes, credit/cash.   California[']s white collar

20  corporate crime of 'fraud' for financial gain has placed an illegal restraint, upon this plaintiffs life

21  & liberty" (errors in source)).

22      In his prayer for relief, Jones requests: (1) a declaratory judgment that the defendants

23  violated his rights by interfering with his efforts to file his "contemplated litigation;" (2) an

24  injunction compelling the defendants not to place obstacles to Jones filing his "'preliminary notice

25  and demands,' notice of application to be released from liability of a surety bond,' 'request for

26  superior court records pertaining to this plaintiffs bond information,'" or any other litigation

27  relating to these claims; (3) appointment of counsel; (4) prevailing party fees; and (5) any other

28  relief this court deems proper.  Docket No. 1-1 at 6.

United States District Court
Northern District of California

1

## DISCUSSION

2

A federal court must engage in a preliminary screening of any case in which a prisoner

3

seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28

4

U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any

5

claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or

6

seek monetary relief from a defendant who is immune from such relief.  *See id.* at § 1915A(b).

7

*Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d

8

696, 699 (9th Cir. 1990).

9

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a

10

right secured by the Constitution or laws of the United States was violated and (2) that the

11

violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487

12

U.S. 42, 48 (1988).

13

Prisoners have a constitutional right of access to the courts.  *See Lewis v. Casey*, 518 U.S.

14

343, 350 (1996).[1]  The Ninth Circuit has "traditionally differentiated between two types of access

15

to court claims: those involving prisoners' right[s] to affirmative assistance and those involving

16

prisoners' rights to litigate without active interference."  *Silva v. Di Vittorio*, 658 F.3d 1090, 1102

17

(9th Cir.2011) (emphasis in original).  Jones' claim is one for active interference with his right to

18

litigate.  The constitutional right to litigate without interference encompasses the First Amendment

19

right to petition the government and Fourteenth Amendment due process right to pursue legal

20

redress by filing civil actions that have a reasonable basis in law or fact.  *See Silva*, 658 F.3d at

21

22

[1] The constitutional source of the right of access to the courts is not settled.  *See Christopher v. Harbury*, 536 U.S. 403, 413-14 & 415 n.12 (2002); *Lewis v. Casey*, 518 U.S. 343, 366-67 (1996) (Thomas, J., concurring).  Supreme Court decisions have grounded the right in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses.  *Christopher*, 536 U.S. at 415 n.12 (citing cases).  The Ninth Circuit also has found various constitutional sources for the right.  *See, e.g., Cornett v. Donovan*, 51 F.3d 894, 897 (9th Cir. 1995) (right grounded in due process and equal protection clauses).  As this court understands the complaint, Jones' citations to the Fourteenth Amendment's Due Process Clause and Equal Protection Clause as well as to the First Amendment are for the purpose of identifying the constitutional bases of his claim for denial of access to the courts.  *See, e.g.,* Docket No. 1 at 5, 13-14.  His complaint does not allege any facts suggesting any claim for relief other than for a denial of access to the courts.

23

24

25

26

27

28

United States District Court
Northern District of California

1102.  To state a claim for a violation of the right to litigate without active interference, the plaintiff must allege that he has suffered an actual injury, such as the dismissal of his pending action.  *See id*. at 1103–04.  Additionally, the "underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. at 415.  The underlying cause of action must be described by allegations in the complaint sufficient to give fair notice to a defendant, *id*. at 416, and to the court in a prisoner action that must be screened under 28 U.S.C. § 1915A.

Jones alleges that clerks at the Alameda County Superior Court interfered with his right of access to the court by rejecting his petitions without assigning a case number to those petitions and without forwarding them to a judicial officer for action.  His claim fails for several reasons.

First, assuming for purposes of argument that the clerks did interfere with the right of access, that interference has ended and prospective relief is no longer available.  A judge *did* review the petitions after they were resubmitted following the first rejection by a clerk.  Alameda County Superior Court Judge Larry Goodman reviewed the petitions – which Jones alleges were duplicate copies of the petitions earlier rejected by a clerk -- and rejected them as "nonsensical." Jones has not been shut out of state court.  His petitions were heard by a superior court judge, who found them to be legally meritless.  Jones has received that which he complains the defendant-court clerks deprived him of: judicial consideration of his petitions.  Not only did he receive that ruling from the superior court, he also received a ruling from the California Court of Appeal when he petitioned the latter court about the superior court clerks' actions.  No prospective relief is warranted on the facts alleged.

Second, even if the superior court judge's ruling did not suffice to give Jones access to the courts, Jones is not entitled to the injunctive relief he requests for a separate reason.  Ordering the state court to accept his filings would be in the nature of a writ of mandamus, yet the federal court has no authority to issue a writ of mandamus to a state court.  The federal mandamus statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform

a duty owed to the plaintiff." 28 U.S.C. § 1361.  The mandamus statute only reaches *federal* officers and employees. "The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Clark v. State of Washington*, 366 F.2d 678, 681 (9th Cir. 1966). A petition for a writ of mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991); *see also In re Campbell*, 264 F.3d 730, 731-32 (7th Cir. 2001) (denying petition for writ of mandamus that would order state trial court to give petitioner access to certain trial transcripts which he sought in preparation for filing state post-conviction petition).[2]

Third, the California Court of Appeal's rejection of Jones' petition for writ of mandate strongly suggests that the clerks' actions were permissible under state law. *See* Docket No. 1-1 at 22 (petition for review describing the allegations of the petition for writ of mandate/prohibition sought in the lower court).  That is, if the superior court clerks had no authority to reject Jones' filings without forwarding them to a judicial officer, one would expect the California Court of Appeal to have said so by issuing a writ of mandate.  The California Court of Appeal's denial of Jones' petition indicates that the superior court clerks acted permissibly, and were not required to file and assign a civil case number to these odd documents received from the prisoner.

Fourth, as Jones recognizes, an access to the courts claim requires an underlying claim that is "nonfrivolous" or "arguable." *Christopher*, 536 U.S. at 415.  Yet the more he describes his

---

[2]Eleventh Amendment immunity also would pose a problem for Jones' official-capacity claim against the defendants. *See* Docket No. 1 at 7 (defendants sued in individual and official capacities).  The action against the defendants in their official capacity as Clerks of the Alameda County Superior Court is considered an action against the State of California, and must be dismissed under the Eleventh Amendment.  The Eleventh Amendment to the U.S. Constitution bars from the federal courts suits against a state by its own citizens, citizens of another state, or citizens or subjects of any foreign state, absent consent to the filing of such suit. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985).  Eleventh Amendment immunity also extends to suits against an arm of the state, such as a California superior court. *Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (11th Amendment bars suit against state superior court and its employees).  Eleventh Amendment immunity also extends to state officials sued in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985).

United States District Court
Northern District of California

claim, the further into frivolity he plunges.  His contentions that he is collateral for a bond that has been lent or sold to a third party, and that the abstract of judgment showing his criminal convictions and sentence therefor is part of a secured transaction, are legally frivolous.  The other allegations in the complaint further describing his claims do not show the claims to have any merit whatsoever.  Jones disclaims any interest in obtaining his release via his petitions to the state court, yet doesn't explain what he ultimately was attempting to gain by filing those petitions nor does any legitimate purpose appear to exist.  To the extent he was trying to free himself from being collateral on a bond, his claim is legal nonsense.  The underlying action he allegedly was stymied in presenting was not nonfrivolous.

The claim for denial of access to the courts is dismissed for failure to state a claim upon which relief may be granted.  Leave to amend will not be granted because it would be futile.  The claim that allegedly was interfered with was not a nonfrivolous claim, and that problem cannot be cured by amendment.

## CONCLUSION

For the foregoing reasons, this action is dismissed with prejudice for failure to state a claim upon which relief may be granted.  Having determined that the complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983, the court declines to exercise supplemental jurisdiction over any state law claims that the plaintiff might wish to plead. The clerk shall close the file.

**IT IS SO ORDERED**.

Dated:  August 31, 2016

_____
SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California